# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JONATHAN W. CASADY, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    Case No. 4:12-CV-1439-NAB |
| | ) |
| ROBERT WILLS,[1] | ) |
| | ) |
|     Respondent. | ) |

## MEMORANDUM AND ORDER

This action is before the Court on Petitioner Jonathan Casady's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] Respondent filed a response. [Doc. 14.] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). [Doc. 7.] For the reasons set forth below, Casady's Petition for Writ of Habeas Corpus will be denied.

## I.    Background[2]

After a jury trial, Casady was found to be a "sexually violent predator" under RSMo § 632.480 and committed to the custody of the Missouri Department of Mental Health. Casady has a long history of sexually violent behavior, including multiple convictions for sexual assault and sexual misconduct with minor girls, and he has not been successful in treatment. At age 20, Casady had a son by his 15-year-old girlfriend. In 1998, at age 21, Casady pled guilty to three

---

[1] David Schmitt, Chief Operating Officer of the Southeast Missouri Mental Health Center, home to Missouri's Sex Offender Rehabilitation and Treatment Services (SORTS) program, is the proper respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 124 S. Ct. 2711, 2718, 159 L. Ed. 2d 513 (2004).

[2] The following is the evidence viewed in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-92, 61 L. Ed. 2d 560 (1979).

counts of first-degree sexual misconduct for touching two minor girls.  He was sentenced to six years, to be served concurrently with a prior five-year sentence for first-degree sexual assault.  While in prison, Casady sent visitor forms to minor girls, who were denied visitation due to their age, and fondled a female visitor resulting in a violation for sexual misconduct.  He participated in the Missouri Sex Offender Program (MOSOP), but was terminated for failing to be honest.

Casady was released from prison in 2004 at age 26.  In 2006, he was charged with failing to register as a sex offender.  He admitted that he failed to register but claimed it was due to a relative's passing.  The charge was ultimately dropped.  In the summer of 2007, several people were at Casady's home, including B.E., a 16-year-old girl, and Casady's girlfriend, one of his former victims.  It is undisputed that Casady invited B.E. into bed with him and his girlfriend.  He claimed it was because there were intoxicated men in the other room and he was concerned for B.E.'s safety.  Casady was 29 years old at the time.  B.E. alleged that Casady touched her while she was in bed with him.  Casady denied B.E.'s allegations.

The state was notified of B.E.'s allegations and initiated proceedings to have Casady civilly committed as a "sexually violent predator" (SVP).  Under Missouri law, an SVP is a person who "has pled guilty or been found guilty … or been found not guilty by reason of mental disease or defect … of a sexually violent offense" or who "has been committed as a criminal sexual psychopath" and who "suffers from a mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined to a secure facility."  RSMo § 632.480(5).  A "mental abnormality" is "a congenital or acquired condition affecting the emotional or volitional capacity which predisposes the person to commit sexually violent offenses in a degree constituting such person a menace to the health and safety of others." RSMo § 632.480(2).

Dr. Richard Scott of the Missouri Department of Mental Health conducted an initial evaluation of Casady and opined that he met the statutory definition of an SVP. Finding probable cause to believe Casady was an SVP, the circuit court ordered the Department of Mental Health to conduct a second evaluation. Dr. Erica Kempker conducted the evaluation and likewise opined that Casady met the statutory definition.

Dr. Kempker was the sole witness for the state at Casady's trial. She testified that Casady had hebephilia—sexual attraction to post-pubescent adolescents—which caused him serious difficulty controlling his behavior, as evidenced by his repeated illegal behaviors following numerous legal sanctions, and therefore he had a mental abnormality. She further testified that Casady was more likely than not to reoffend sexually if not confined. When questioned about B.E.'s allegations, Dr. Kempker emphasized that the mere fact that Casady had invited B.E. into his bed knowing his history of offending behaviors demonstrated he was well into his deviant cycle despite treatment. Casady cross-examined Dr. Kempker and presented his own expert witnesses who opined that he was not an SVP and that Dr. Kempker's opinion was flawed.

Following the two-day trial, the jury returned a verdict finding that Casady was an SVP and the circuit court ordered him committed to the custody of the Department of Mental Health. Casady filed a direct appeal, which was denied by the Missouri Court of Appeals. Casady then filed the instant petition for writ of habeas corpus.

## II. Legal Standard

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29, 117 S. Ct. 2059, 2063, 138 L. Ed. 2d

3

481 (1997). In conducting habeas review pursuant to § 2254, a federal court is limited to deciding whether the adjudication of a claim in state court proceedings "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(d)(2). The determination of a factual issue by a state court is presumed correct unless that presumption is rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## III. Discussion

Casady made a single claim on direct appeal and makes the same claim here. He argues that his commitment violated his due process rights because there was insufficient evidence against him. Under Missouri law, to civilly commit an individual as an SVP, the state must prove by clear and convincing evidence that the individual "(1) has a congenital or acquired condition affecting his emotional or volitional capacity that predisposes him to commit sexually violent offenses to a degree that causes him serious difficulty controlling his behavior; and (2) is more likely than not to engage in predatory acts of sexual violence if not confined." *Martineau v. State*, 242 S.W.3d 456, 458 (Mo. Ct. App. 2007); RSMo §§ 632.480 *et. seq*. Casady contends that Dr. Kempker failed to show that he suffered from a mental abnormality causing him serious difficulty controlling his behavior and that he was more likely than not to engage in predatory acts of sexual violence if not confined. He argues that Dr. Kempker improperly relied on B.E.'s unproven allegations and did not account for the three and a half years Casady spent in the community without any violation except the dropped charge for failing to register as a sex offender.

4

To prevail on his petition, Casady must show that, viewing the evidence in the light most favorable to the state, no rational trier of fact could have found he was an SVP by clear and convincing evidence. *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-92, 61 L. Ed. 2d 560 (1979); *Jones v. Blake*, No. 4:06CV402 ERW DDN, 2008 WL 4820788, at *5 (E.D. Mo. Nov. 5, 2008) (applying *Jackson* to SVP commitment); *Reed v. Wills*, No. 14-3548-CV-S-BCW-P, 2015 WL 2106282, at *4 (W.D. Mo. May 6, 2015) (same). The scope of review for a collateral challenge to evidentiary sufficiency is extremely limited. *Sexton v. Kemna*, 278 F.3d 808, 814 (8th Cir. 2002). The Court presumes that the trier of fact resolved all conflicting inferences in the record in favor of the state and defers to that resolution. *Id*. The Court further defers to a state appellate court's judgment rejecting a challenge to evidentiary sufficiency. *Jackson*, 443 U.S. at 323.

Viewed in the light most favorable to the state, the evidence was not so wanting that no rational trier of fact could have found Casady was an SVP. The state presented Dr. Kempker's testimony that, based on her expertise and evaluation of Casady, he met the statutory definition of an SVP and was more likely than not to reoffend. Casady had the opportunity to challenge Dr. Kempker's testimony through cross-examination and his own expert witnesses. The Missouri Court of Appeals, in an unpublished memorandum, declined to reweigh the evidence and found that the jury was free to believe Dr. Kempker's testimony and disbelieve the testimony of Casady's experts. Resp't Ex. E at 8. The state appellate court's findings and conclusions were not contrary to, nor did they involve an unreasonable application of clearly established federal law, nor did they result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See Loeblein v. Dormire*, 229 F.3d 724, 726 (8th Cir. 2000) (rejecting habeas challenge to evidentiary sufficiency because

"a witness's inconsistencies simply raise an issue of credibility, and the trier of fact is entitled to make the ultimate decision of whether testimony is to be believed"); *Whitehead v. Dormire*, 340 F.3d 532, 536-37 (8th Cir. 2003) (rejecting habeas challenge to evidentiary sufficiency because "the jury was not required to credit … testimony [supporting the defendant's case] when other evidence supported the state's case"). The state court's findings are consistent with federal constitutional standards and Petitioner's sole ground for relief will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. [Doc. 1.]

**IT IS FURTHER ORDERED** that a separate judgment will be entered this same date.

**IT IS FURTHER ORDERED** that, for the reasons stated herein, any motion by Jonathan Casady for a Certificate of Appealability will be **DENIED**.

Dated this 5th day of August, 2015.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE